## No. 337
## AKRON (City) v. LEY

Ohio Appeals, 9th Dist., Summit County
No. 806. March 26, 1924

801. MUNICIPAL LAW—Person not guilty of contributory negligence as a matter of law for failure to see set-off in sidewalk during the night time—No error committed where court charges that city must keep sidewalks reasonably lighted "by day and by night."

114. ATTORNEY AND CLIENT—Misconduct of counsel not sufficient to warrant reversal for wrongfully criticizing opposite counsel.

1235. VERDICT—Verdict held not manifestly against weight of evidence.

WASHBURN, J.
### Epitomized Opinion
Published Only in Ohio Law Abstract

This was an atcoion for personal injuries brought by Alice Rey against the City of Akron. A sidewalk had been constructed along one of the streets seven inches lower than the adjoining sidewalk. Part of this walk was in front of business property. While the plaintiff was walking along at night she did not observe this step and fell, badly injuring herself. There were some lights near the spot, but the evidence was in dispute as to the extent of the artificial light at the place where the plaintiff was injured. The plaintiff recovered a judgment for $7,000, whereupon the city prosecuted error, claiming that the court had committed error in its charge, misconduct of counsel and other errors. In affirming the judgment, the Court of Appeals held:

1. The court's refusal to charge that if Mrs. Ley "failed to observe the walk in front of her" she was guilty of contributory negligence as a matter of law, was not prejudicial as the question of negligence was one for the jury and not for the court.

2. No error was committed by the court where the court stated to the jury that the city was required to keep the sidewalk in an ordinary safe condition for people to walk upon "by day and by night," as the evidence as to light fully justified this charge.

3. Although counsel for the plaintiff unjustifiably accused counsel for city of misconduct, in the presence of the jury, and although the court did not tell the jury that counsel for the city was strictly within his rights in presenting certain requests and that criticism of his conduct was not a matter for their consideration, as it should have done, no prejudicial error was committed.

4. It cannot be said that the verdict was manifestly against the weight of the evidence.

Attorneys—H. M. Hagelbarger and C. T. Moore, for the City; Anderson, Ormsby & Kennedy, for Ley; all of Akron.